Carlo BURNS and Kentucky Workmen's Compensation Board, Appellants,

v.

## YOUNG & HUBBARD LUMBER COMPANY, Appellee.

Court of Appeals of Kentucky.

Dec. 3, 1971.

———◆———

William R. Forester, Greene & Forester, Harlan, for appellants.

William A. Rice, Gayle G. Huff, Rice & Huff, Harlan, for appellee.

NEIKIRK, Judge.

Carlo Burns was seriously injured while felling a tree. The Workmen's Compensation Board found that Burns was totally and permanently disabled and that he was injured while working as an employee of the Young & Hubbard Lumber Company. On appeal, the Perry Circuit Court found that Burns was not an employee of the Young & Hubbard Lumber Company, and entered judgment setting aside the opinion and award of the Board. Burns appeals. We reverse.

The Young & Hubbard Lumber Company was engaged in the general business of buying logs, processing, and selling lumber. Rema Huff had worked for the company about ten years. He was co-owner with Mack Young, an officer of the company, of the boundary of timber where Burns was injured. Huff claimed to be an independent contractor. He had employed Aubrey Turner to cut and log the timber at the site where Burns was hurt. Turner had worked for no other employer for about seven years. Turner had also claimed to be an independent contractor. No written agreements or contracts had been made establishing the relationships of the respective parties. The company contends that by virtue of these relationships and other factors developed in the evidence, Burns was not one of its employees.

The Workmen's Compensation Board, in determining the employer-employee relationship, concluded that the facts, when examined under the guidelines as set forth in Ratliff v. Redmon, Ky., 396 S.W.2d 320, supported a finding that Burns at the time he sustained his injury was an employee of Young & Hubbard Lumber Company. We do not consider it essential to this opinion to relate the details of the evidence. Suffice it to say that some of the facts developed favor the lumber company and others favor Burns. The question of the exact status of Burns as an employee of the lumber company or as an employee of an independent contractor is close. We have examined the record and we are convinced that the circumstances presented are sufficient to support the Board's factual finding that the lumber company was, for workmen's compensation purposes, the employer of Burns. We conclude that the evidence in favor of the lumber company is not so clear-cut and convincing as would require us to find that the Board acted er-

roneously as a matter of law. Smith v. Perry, Ky., 411 S.W.2d 903.

The judgment is reversed, with directions to enter a judgment affirming the award of the Workmen's Compensation Board.

All concur.